

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **VS.** | § § | **CASE NO. 1:08-CR-80** |
| **JOHN JOSEPH GIVS** | § § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On August 8, 2008, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, John Joseph Givs, on **Count II** of the charging **Indictment** filed in this cause. Count II of the Indictment charges that on or about September

10th, 2007,[1] in the Eastern District of Texas, John Joseph Givs, Defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year[2], did knowingly possess in and affecting commerce ammunition, to wit: 46 rounds of Remington, .38 caliber ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

Defendant, John Joseph Givs, entered a plea of guilty to Count II of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.   That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.   That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c.   That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant

---

[1] Although the Indictment states that the alleged offense occurred on or about September 10, 2007, the Government's factual basis and proffered evidence show that the offense actually took place on July 24, 2007. The Defendant stipulated to this evidence and waived any objection to the defective date stated in the Indictment. The Court further finds that the "on or about" language set forth in Count II of the Indictment encompasses July 24, 2007, the correct and actual date of the alleged offense as established by the evidence.

[2] The Indictment also sets forth the specific case information about Mr. Givs' prior felony convictions.

personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

      d.     That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 922(g)(1).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation*. The Government and the Defendant agreed that if this case were to proceed to trial, the Government would prove that Defendant is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas. The Government would also prove each essential element of the charged offense beyond a reasonable doubt through the testimony of witnesses, including expert witnesses, and through admissible exhibits.

Specifically, the Government would prove that on July 24th, 2007 officers with the Beaumont Police Department conducted a traffic stop on a 1995 Ford Taurus for failure to signal a lane change. The driver was identified as John Joseph Givs.

Officers approached the vehicle and could smell the odor of marijuana emanating from the vehicle. The officer then asked for and was given consent to search the vehicle. The officer had his K-9 partner, Marco, perform a search of the vehicle and he showed an odor response to

the trunk. Officers searched the trunk and found a clear plastic bag containing 8.1 ounces of marijuana.

Givs was then taken into custody and a more thorough search incident to the arrest was conducted, whereupon a loaded silver Smith and Wesson .38 revolver bearing serial number R287922 was found behind the glove box. Using the firearm's serial number, officers ran an inquiry and determined it had been reported stolen out of Port Arthur, Texas on June 29th, 2007.

Officers then went to Givs' residence and informed the occupant, Eulia Alexander, that Givs had been arrested and received consent to search the home for further contraband. Inside the bedroom closet officers found a Wal-Mart bag containing 41 .38 caliber bullets.

The weapon was inspected by a firearm and nexus expert with the Bureau of Alcohol, Tobacco, Firearms and Explosives and was determined to function as designed. Further, it was determined that this firearm was manufactured outside the State of Texas and, therefore, affected interstate commerce.

Prior to this possession of this firearm John Joseph Givs was finally convicted of Aggravated Robbery, a felony, in Cause Number 069289501010, in the 230th District Court, Harris County, Texas on November 30th, 1995; Unauthorized Use of a Motor Vehicle, a felony, in Cause Number 066839201010, in the 230th District Court, Harris County, Texas on November 30th, 1995; and Possession of a Deadly Weapon in a Penal Institution, a felony, in Cause Number 8647, in the 259th District Court, Jones County, Texas on April 16, 2002.

Defendant, John Joseph Givs, agreed with the facts set forth by the Government and signed the *Factual Basis.* Counsel for Defendant and the Government attested to Defendant's

competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count II** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[3] Accordingly, it is further recommended that, Defendant, John Joseph Givs, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 922(g)(1).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant

---

[3] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes

advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 8th day of August, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE